UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF LEON SMITHERS, et al.,

      Plaintiffs,

            CIVIL CASE NO. 05-40347

v.

CITY OF FLINT, et al.,      HONORABLE STEPHEN J. MURPHY, III

      Defendants.
_____/

**ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS AND
ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  This is a suit against the defendants alleging, among other things, violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and conspiracy. The defendants filed motions for summary judgment, which were referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation.

  On September 2, 2008, the magistrate judge issued his Report and Recommendation, recommending that summary judgment be granted in favor of the defendants on all of the plaintiffs' claims. The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The plaintiffs filed timely objections. *See* Fed. R. Civ. P. 6. For the reasons stated below, the Court overrules the plaintiffs' objections and adopts the magistrate judge's Report and Recommendation.

BACKGROUND

  The Report and Recommendation summarizes the factual background of the case as follows:

>At the time of his death, Leon Smithers was a resident of Ruth Avenue in Flint, Michigan. Complaint, Docket #1 at ¶11. On October 26, 2002 at around 6:30 p.m., Smithers, at home in the company of Plaintiffs Alan Sharp and Robert Bonner, telephoned Defendant Flint Police Department [Flint Police], requesting the removal of Shirley Ewing Washington, Smithers' girlfriend. *Id.* at ¶12. Washington, having become intoxicated, had threatened to kill Smithers, Sharp, and Bonner, stating that she intended go home and "retrieve her nine millimeter handgun." *Id.* Washington also stated that "it would be the last time that [Smithers] would ever call the police on her." *Id.* Defendant Flint Police dispatched Defendant Officers Brian Murphree and Terrance Walker to the residence. *Id.* at ¶13. Defendant Officer Gacia also responded. Id. Upon the officers' arrival, Washington, "obviously intoxicated," was asked to leave by Smithers. *Id.* at ¶14. Washington repeated her statement that "this would be the last time that [Smithers] would call the police on her," and that if arrested, after being released, she would retrieve her gun, return to Smithers' house, and harm them. *Id.* When informed by Officers that she would be arrested if she did not leave, Washington stated "'[f]*** -it, arrest me." *Id.* at ¶16. Washington's brother, Booker Washington, also present, heard her state that she was "'going to f*** y'all up when I get out of jail,'" as she was being handcuffed. *Id.* at ¶15. Washington, handcuffed, was placed in the back of a squad car."
>
>Smithers, confident that the threat had passed, went inside, not bothering to lock his door. *Id.* at ¶17. In the meantime, Washington, having been released from custody after being ticketed for trespassing, returned to Smithers' house with a gun, fatally shooting Smithers and wounding Sharp. *Id.* at ¶¶18-19.
>
>Plaintiffs allege that Defendant Officers, upon learning of the shooting, "conspired with one another and other officers in the department, in an attempt to hide . . . the fact that the death and injuries should have been prevented by the Flint Police Department and its officers." *Id.* at ¶20. Plaintiffs request monetary damages for "Defendants' negligent acts, failure to follow the proper procedures and . . . complete disregard of local, state and federal law and constitutional protections. *Id.* at ¶¶21-22. Specifically, Plaintiffs bring claims for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and for conspiracy.

Report and Recommendation, pp. 2-3 (Sept. 2, 2008, docket entry #90).

## STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to

2

portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). In this case, the plaintiffs have filed objections to the magistrate judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

## ANALYSIS

After considering the plaintiffs' objections and conducting a de novo review of the record, the Court finds that the reasoning of the magistrate judge is sound and that his conclusions are correct.

First, contrary to the arguments presented in the plaintiffs' objections, the plaintiffs' have no viable procedural due process claim, based on the ruling of *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748 (2005). As the magistrate judge correctly noted, even a mandatory statute does not vest a plaintiff with a property interest subject to Due Process protection.

Second, the plaintiffs' substantive due process claim must also be dismissed. The magistrate judge correctly stated that there can be a due process violation if state action made an individual more vulnerable to harm, also known as the "state-created-danger theory." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998). Here, in this

case, the defendants did not commit any affirmative acts which either created or increased the risk of danger to the plaintiffs. *See Koulta v. Merciez*, 477 F.3d 442, 445 (6th Cir. 2007). Under the relevant case law, releasing Washington from custody was not an affirmative act that satisfies the "state-created-danger theory," *see id.* at 445-47, and so, the plaintiffs' substantive due process claim fails.

In addition, the magistrate judge was correct in finding that since there was no constitutional violation by the defendants in this case, thus, the defendants were entitled to qualified immunity. The magistrate judge also correctly found that the plaintiffs' conspiracy count fails under the relevant case law because of the intracorporate conspiracy doctrine. Furthermore, the magistrate judge was correct to rule that there is insufficient evidence to support a viable equal protection claim. Finally, the magistrate judge correctly ruled that the claims against the City of Flint must be dismissed because there is no underlying constitutional violation in this case and because there is no evidence of city policies or practices leading to such violations.

## CONCLUSION

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the plaintiffs' objections, and the applicable portions of the record,

**IT IS HEREBY ORDERED** that the plaintiffs' objections [docket entry #92] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #90] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by the

defendants [docket entries #72 and 73] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 16, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 16, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager